# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **RANDY BAJZA,** § | |
| § | |
| Plaintiff**,** § | **Civil Action No.** |
| § | |
| **v.** § | |
| § | **Jury Trial Demanded** |
| **ENHANCED** § | |
| **RESOURCE CENTERS,** § | |
| § | |
| Defendant**.** § | |

## COMPLAINT

RANDY BAJZA ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENHANCED RESOURCE CENTERS ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States..

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## PARTIES

4. Plaintiff is a natural person residing in Burkburnett, Texas 76354.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and the Texas Finance Code Sec. 392.001(a).

6. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS18687 (E.D. Pa. Dec. 22, 2000).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6) and the Texas Finance Code Sec. 392.001(6).

9. Defendant is a corporation with its principal place of business located at 8014 Bayberry Road, Jacksonville, FL 32256

10. At all relevant times, Defendant acted as a "debt collector" within the

meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone.

13. Plaintiff has only used this phone as a cellular telephone.

14. Upon information and belief, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

15. Plaintiff does not have any business debts, so the debt that Defendant has been calling him regarding could only have been a consumer debt incurred primarily for personal, family or household purposes.

16. Beginning in or around March 2016 and continuing through in or about October 2016, Defendant's collectors placed repeated harassing calls to Plaintiff's cellular telephone number seeking an unknown third party named Dolores Davis.

17. Plaintiff received collection calls from telephone numbers including, but not limited to (800) 875-5164. The undersigned has confirmed the number as belonging to Defendant.

18. Plaintiff spoke to Defendant in or around March 2016 and advised Defendant they were calling a wrong number and requested the calls stop.

19. Once Defendant was informed that its calls were unwanted and that they were calling the wrong number, any further call could only been for the purpose of harassment.

20. However, Defendant failed to restrict calls to Plaintiff's cellular telephone and continued to call him.

21. During this time, Plaintiff received calls from an automated dialing system and/or pre-recorded voice.

22. Plaintiff knew Defendant was using an automated dialing system and/or pre-recorded voice as she received pre-recorded messages from Defendant.

23. Defendant's calls were not placed for emergency purposes.

24. After Plaintiff's request to stop the calls was ignored by Defendant, he had no other option but to install a call blocking application to block calls on his cellular telephone from their phone number.

## COUNT I
**DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA**

25. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

- 4 -

26. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

27. Defendant violated §§1692d and d(5) when it called Plaintiff repeatedly regarding an unknown party and continued to call even after Plaintiff stated Defendant was calling a wrong number and requested the calls stop.

## COUNT II
## DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA

36. A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

37. Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's cellular telephone to ring repeatedly or continuously with the intent of annoying and harassing the person at the called number, as it called Plaintiff repeatedly regarding an unknown party despite Plaintiff's indication that they were calling a wrong number and request to stop calling.

## COUNT III
## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT

38.   Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

39.   Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

40.   Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

41.   Despite the fact that Plaintiff never consented to Defendant placing calls to him, and Plaintiff having revoked any prior consent Defendant had been provided, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

42.   Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

43.   Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RANDY BAJZA, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA;

f. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RANDY BAJZA, demands a jury trial in this case.

| | |
|---|---|
| DATED: November 29, 2016 | KIMMEL & SILVERMAN, P.C. |
| | By: /s/Amy L. B. Ginsburg |
| | Amy L. B. Ginsburg |
| | Attorney for Plaintiff |
| | Kimmel & Silverman, P.C. |
| | 30 E. Butler Pike |
| | Ambler, PA 19002 |
| | Phone: (215) 540-8888 |
| | Fax: (877) 788-2864 |
| | Email: aginsburg@creditlaw.com |